# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ERIC RAYMER, | * | |
| | * | No. 17-590V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: June 12, 2020 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * *

Anne C. Toale, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner;
Adriana R. Teitel, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 20, 2020, petitioner Eric Raymer moved for final attorneys' fees and costs. He is awarded **$31,740.38**.

\* \* \*

On May 2, 2017, Eric Raymer filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

petition alleged that an influenza vaccine, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused petitioner to suffer chronic inflammatory demyelinating polyneuropathy. On December 6, 2019, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day.

On September 30, 2019, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $30,819.10 and attorneys' costs of $1,221.28 for a total request of $32,040.38. Fees App. at 1. Pursuant to General Order No. 9, petitioner states that he did not personally incur any costs related to the litigation of this matter. Fees App. Ex. 3. On March 5, 2020, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on March 6, 2020, reiterating his belief that the requested amount of fees and costs was reasonable.

\*   \*   \*

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of his counsel at Maglio Christopher and Toale, PA: for Ms. Amber Wilson, $290.00 per hour for work performed in 2017, $308.00 per hour for work performed in 2018, $323.00 per hour for work performed in 2019, and $345.00 per hour for work performed in 2020; for Mr. Altom Maglio, $362.00 per hour for work performed in 2017 and $381.00 per hour for work performed in 2018; and for Ms. Anne Toale, $378.00 per hour for work performed in 2017 and $402.00 per hour for work performed in 2018. Fees App. Ex. 1 at 28. These rates are consistent with what the attorneys have previously been awarded for their Vaccine Program work. Additionally, the undersigned finds the requested hourly rate for Ms. Wilson in 2020 to be reasonable given her overall experience.

### B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds that a small reduction is necessary due to duplicative billed paralegal time. As an example, paralegals frequently billed for review of simple court filings which were already reviewed and billed for by the managing attorney, rendering such time redundant. While each of these events is small when viewed in isolation, the undersigned has noticed multiple occasions of each issue throughout the totality of

the billing records. Thus, in order to achieve "rough justice" the undersigned will reduce the final award of fees by $300.00 to account for approximately 2 hours of overbilled paralegal time. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011).

Accordingly, petitioner is awarded final attorneys' fees of 30,519.10.

C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $1,221.28 in costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and costs associated with counsel traveling to meet with petitioner. Fees App. Ex. 2 at 1-2. Petitioner has provided documentation to support these costs and all appear reasonable in the undersigned's experience. Accordingly, petitioner is awarded the full amount of attorneys' costs sought.

D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$31,740.38** (representing $30,519.10 in attorneys' fees and $1,221.28 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Anne Toale.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>Christian J. Moran<br>Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.